UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

FILED
2012 MAR 23 PM 1:56
CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FL
JACKSONVILLE FLORIDA

PAULA MAPLE,
    Plaintiff,

vs.

CASE NO.: 3:12-cv-318-J-32JBT

SPRECHMAN & ASSOCIATES, PA.,
    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW, Plaintiff, **PAULA MAPLE** [hereinafter Plaintiff], by and through undersigned counsel, and sues Defendant, **SPRECHMAN & ASSOCIATES, PA, hereinafter** Defendant] and alleges:

### JURISDICTION AND VENUE

1.    Jurisdiction of this Court arises under 28 US.C. § 1331 and pursuant to 15 US.C. §1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

2.    This action arises out of repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA"), the Florida Consumer Collection Practices Act, Section 559.55 et seq. of the Florida Statutes ("FCCPA") , and the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), Section 501.201 et seq. of the Florida Statutes, by the Defendant and its agents in their illegal efforts to collect a consumer debt from Plaintiff.

3.    Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

## PARTIES

4.  Plaintiff is a natural person who resides in Jacksonville, Duval County, Florida and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) Sections 559.55(2) and 501.203(7), Fla. Stat.

5.  Defendant, SPRECHMAN & ASSOCIATES, PA. (hereinafter "Defendant") is a collection agency operating from an address 2775 Sunny Isles Boulevard, Suite 100, Miami, Florida 33160, and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6) and Section 559.55(6).

## FACTS COMMON TO ALL COUNTS

6.  Plaintiff took out a loan from Midland Funding, LLC successor in interest to Bank of America, N.A., for personal, family, or household services and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and Section 559.55(1), Fla. Stat. Sometime thereafter the debt was transferred to Defendant for collection (File No. C75790).

7.  On March 6, 2012, Defendant, by and through their agents and employees sent a letter to Plaintiff, which stated in part:

> ***"If your client fails to make payment or fails to make appropriate arrangements they will leave us with no choice but to subject all of their assets to actions to collect this Judgment."***

8.  This statement is false. In fact, Florida has a substantial list of assets that are not subject to actions to collect.  Including but not limited to:

   a. Homestead

   b. Spousal Exemption for Jointly Held Property

   c. $1000 of the value of your vehicle

    d. up to $4,000 of personal property

    e. 401(k) plan

    f. 403(b) plan

    g. Alimony (necessary)

    h. AnnuitiesAnnuities, Military,

    i. Cash surrender value of life insurance policies

    j. Crime victims compensation

    k. Deferred compensation program, State Employees

    l. Disability benefits

    m. Disability income, Entireties Property

    n. Fraternal benefit society benefits

    o. Florida Retirement System

    p. Hazardous occupations damages for injuries

    q. Health aids, professionally prescribed

    r. Health savings account

    s. Hurricane savings account (twice the deductible of hurricane or flood insurance policy)

    t. Illness benefits

    u. IRA

    v. Local public assistance benefit

    w. Payment on account of illness, disability, death, age, or length of service (necessary)

    x. Pension Firefighters

y. Pension, Highway Patrol

z. Pensions, Federal

aa. Pension, Railroad

bb. Pre-paid college fund

cc. Profit-sharing payment (necessary)

dd. Retirement and benefits, Police officers

ee. Retirement benefits, State and County Employees

ff. Retirement, Teachers

gg. Retirement, Civil Service, Separate maintenance (necessary)

hh. Social Security benefits

ii. Stock bonus retirement (necessary)

jj. Support (necessary)

kk. Unemployment benefits

ll. Unemployment compensation

mm. Unemployment compensation

nn. Veteran's benefits

oo. Wages, Head of family

pp. Wages, Seamen and Masters

qq. Worker's compensation

rr. Wages, Seamen and Masters, Worker's compensation

9. This letter would lead the "least sophisticated consumer" to believe that every asset would be subject to collection.

10. Defendant's collection method was abusive in that it threatened to take action that it did not intend to nor could it legally take.

## COUNT ONE: FLORIDA FAIR DEBT COLLECTION VIOLATION

11. This is an action for damages for violation of the "Florida Consumer Collection Practices Act." (Fla. Stat. §§559.55 to 559.785).

12. By threatening to subject all of Plaintiff's assets to collection in a judgment Defendant is, were subject to, and have violated provisions of Fla. Stat. §559.72 by :

> a) "Willfully communicating with the debtor with such frequency as can reasonably be expected to harass the debtor or <u>willfully engaging in other conduct which can reasonably be expected to abuse or harass the debtor or any member of his or her family</u>. Fla. Stat. §559.72(7), and;
>
> b) "Claiming, attempting, or threatening to enforce a debt when such person knows that the debt is no legitimate or <u>assert the existence of some other legal right when such person knows that the right does not exist.</u> Fla. Stat. §559.72(9)."

13. "The Consumer Collection Practices Act is a laudable legislative attempt to curb what the Legislature evidently found to be a series of abuses in the area of debtor-creditor relations." *Harris v. Beneficial Finance Company of Jacksonville*, 338 So. 2d 196, 200-201 (Fla. 1976). The FCCPA is to be construed in a manner that is protective of the consumer. *See* Fla. Stat. § 559.552 (providing that in the event of inconsistencies with the federal Fair Debt Collection Practices Act, the provision that is more protective of the debtor prevails).

14. As a direct and proximate result of Defendant's actions, Plaintiff has sustained damages as defined by Fla. Stat. §559.77 including, but not limited to, emotional distress and fear, embarrassment, damage to her reputation and credit worthiness, and other damages.

These damages have been incurred and will continue to be incurred in the future.

15. Plaintiff has retained the undersigned attorney for the purpose of pursing this matter against Defendant and is obligated to pay said attorney a reasonable fee for his services. The Florida Consumer Collection Practices Act, Fla. Stat. §559.77(2), provides for an award of attorney's fees should Plaintiff prevail in this matter.

WHEREFORE, Plaintiff demands judgment against Defendant for damages, attorney's fees, costs, interest, and such other relief as this Court deems just and equitable.

## COUNT TWO: UNFAIR AND DECEPTIVE TRADE PRACTICE

Plaintiff realleges paragraphs one (1) through fourteen (14) as if fully restated herein and further states as follows:

16. This is an action for damages for violation of the "Florida Deceptive and Unfair Trade Practices Act." (Fla. Stat. §501.201 to 501.213).

17. The financing of a personal loan and collection at issue in this case was a consumer transaction within the scope of the "Florida Deceptive and Unfair Trade Practices Act." (Fla. Stat. §501.201 to 501.213).

18. By sending Plaintiff a letter falsely stating that all of her assets would be subject to collection, Defendant committed an unfair and deceptive act or practice in connection with the collection of the alleged debt owed to the Defendant.

19. Plaintiff has retained the undersigned attorney for the purposes of pursing this matter against Defendants and is obligated to pay said attorney a reasonable fee for his services. The "Florida Deceptive and Unfair Trade Practices Act", Fla. Stat. §501.2105, provides for an award of attorney's fees should Plaintiff prevail in this matter.

WHEREFORE, Plaintiff demands judgment against Defendant for actual damages, statutory damages, attorney's fees, costs, interest and such other relief as this Court deems just and equitable.

## COUNT THREE: VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

Plaintiff realleges paragraphs one (1) through fourteen (14) as if fully restated herein and further states as follows:

20. This is an action for damages for violation of the "Fair Debt Collection Practices Act." (15 U.S.C. §1692a(5).

21. The Defendant is a debt collector as defined by the Fair Debt Collections Practices Act (FDCPA) §15 USC 1692 803(6). The term "debt collector" means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collect or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

22. For purposes of the claims brought in this action, the applicable standard under the FDCPA in the Eleventh Circuit is "the least sophisticated" consumer test. *See. Jeter v. Credit Bureau, Inc.* 760 F.2d 1168 at 1172-75(11th Cir. 1985) (adopting the test enunciated in *Exposition Press Inc. v. FTC*, 295 F.2d 869 (2d Cir. 1961)). The principles underlying the FDCPA must be implemented for "the public-that vast multitude which includes the ignorant, the unthinking, and the credulous." Id. at 1172-73 (quoting in part *Fed. Trade Comm'n v. Standard Educ. Society*, 302 U.S. 112, 116, 58 S.Ct. 113 82 L.ed. 141 (1937).

23. The foregoing acts and omissions of Defendant and their agents by falsely stating that all of the plaintiff's assets would be subject to collection should she not make a payment on

the judgment constitute numerous and multiple violations of the FDCPA including but not limited to 15 U.S.C § 1692d, (Any conduct the natural consequence of which is to harass, oppress, or abuse any person); 15 U.S.C § 1692e, (Any false, deceptive, or misleading representation or means in connection with the debt collection); 15 U.S.C § 1692e(2), (Any false or misleading representation as to the character, amount, or legal status of the alleged debt); 15 U.S.C § 1692e(5), (Threaten to take any action that cannot legally be taken or that is not intended to be taken); 15 U.S.C § 1692e(10), (Any false representation or deceptive means to collect a debt or obtain information about a consumer); and 15 U.S.C. §1692f, (Any unfair or unconscionable means to collect the alleged debt with respect to the Plaintiff.

24. As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant.

## CLASS REPRESENTATION CLAIMS
### FLORIDA CONSUMER COLLECTIONS PRACTICE ACT
### GENERAL CLASS REPRESENTATION ALLEGATIONS COMMON TO EACH CLAIM

Plaintiff on behalf of herself and others similarly situated brings these claims for class representation relief against Defendant and states:

25. Pursuant to Rule 1.220, Florida Rules of Civil Procedure, Plaintiff brings this claim on behalf of herself and a class defined as all persons who satisfy the following criteria:

    a. Plaintiff's debt was transferred to Defendant for collection purposes.

    b. Plaintiff received a form letter from the Defendant stating
"If your client fails to make payment or fails to make appropriate arrangements they will leave us with no choice but to subject all of their assets to actions to collect this Judgment."

      c.      Not all of Plaintiff's assets were subject to collection.

      d.      Their claims are not barred by limitations.

26. The class is so numerous that joinder of all members is impractical. Defendant routinely uses a form letter attached hereto as Exhibit "A" during the course of its collection on delinquent debts. Defendant uses the same form letter in connection with its collection efforts in hundreds of these debts each year.

27. There are questions of law and fact common to the class, which questions predominate over any questions affecting only individual members. The principal issues raised by this claim are whether Defendant's uniform business practices violate the Florida consumer collection laws, whether Defendant's use of the letter is unfair or deceptive, and the appropriate amount of damages and other relief allowed.

28. The only individual question concerns the identification of the persons whose consumer rights have been violated by Defendant's practices which are the subject of this complaint. This can be determined by ministerial examination of papers.

29. The Plaintiff's claim is typical of those of the class members. All are entitled to relief by virtue of Defendant's violations of the consumer protection statutes raised in Plaintiff's Complaint.

30. The Plaintiff will fairly and adequately protect the interests of the class. She has retained counsel experienced in class actions as well as the handling of actions involving unlawful business practices. Neither Plaintiff nor her counsel has any interests in which might cause her not to vigorously pursue this action.

Certification of a class under Rule 1.220 is appropriate, in that a class action is superior to other available methods for the fair and efficient adjudication of this controversy. The interests

of the class members in individually controlling the prosecution and defense of separate actions is minimal, in that the class members are unlikely to be aware of their rights were violated and in that individual actions are uneconomical. Difficulties likely to be encountered in managing this class action are substantially less that are involved in other types of cases routinely certified as class actions.

## CLASS REPRESENTATION CLAIMS

## FLORIDA CONSUMER COLLECTION PRACTICES ACT

31. Plaintiff on behalf of herself and others similarly situated brings these claims for class representation relief against Defendant and states:

32. This is an action seeking wide relief for violation of the Florida Consumer Collection Practices Act, Fla. State § 559.55 et seq., against Defendant for statutory damages, attorney's fees, and the costs of this action.

33. At all material times herein, Plaintiff's debt and the debt of others similarly situated was a consumer debt as defined by Florida Statute Chapter §559.55(1).

34. At all material times herein, Plaintiff and others similarly situated were "debtors" as defined by Florida Statute Chapter § 559.55(2).

35. At all material times herein, Defendant was a "debt collector" as defined by Fla. Stat. §559.55(6).

36. Defendant has violated the Florida Consumer Collection Practices Act and was subject to, and has violated provisions of Fla. Stat. §559.72 specifically:

    a. Claiming, attempting, or threatening to enforce a debt when such person knows that the debt is not legitimate <u>or asserting the existence of some other legal right when</u>

<u>such person knows that the right does not exist</u>. Fla. Stat. §559.72(9).

37. Plaintiff on behalf of herself and others similarly situated has retained the undersigned attorney for the purposes of pursuing this matter against Defendant and is obligated to pay her attorney a reasonable fee for his services. Florida Statutes, §559.77 provides for an award of attorney fees should Plaintiff prevail in this matter.

38. As a direct and proximate result of the aforesaid action by Defendant, Plaintiff and others similarly situated have sustained damages as defined by Florida Statute §559.77.

39. As a result of these violations, Defendant is liable to the Plaintiff for actual damages and statutory damages, together with court costs and attorneys fees as provided by Fla. Stat. § 559.77.

40. Because Defendant's actions were intentional, willful and/or without regard for Plaintiff's rights, they reserve the right to seek punitive damages upon the showing on the records of evidence sufficient to form the basis of a claim for punitive damages. Fla. Stat. §§768.72, 559.77(2).

**WHEREFORE**, Plaintiff on behalf of herself and others similarly situated demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages, attorney's fees, costs, interest, and such other relief as this Court deems appropriate.

<u>**CLASS REPRESENTATIVE CLAIMS**</u>

**FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT**

Plaintiff on behalf of herself and others similarly situated brings these claims for class representation relief against Defendant and states:

41. This is an action seeking class wide statutory, injunctive and declaratory relief for violation of the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. §501.201, et seq., against Defendant for declaratory relief, attorney's fees, and the costs of this action.

42. Plaintiff and others similarly situated entered into "consumer transactions" within the scope of the Florida Deceptive and Unfair Trade Practices Act, §501.201, et. seq.

43. By engaging in the above conduct, in misleading Plaintiff as to her consumer rights, Defendant committed an unfair and deceptive act or practice.

44. As a result of Defendant's unlawful conduct, Plaintiff and others similarly situated have suffered damages which were proximately caused by the Defendant's violation of the Florida Deceptive and Unfair Trade Practices Act.

45. Plaintiff has retained the undersigned attorneys for the purposes of pursing this matter against Defendant and is obligated to pay said attorney a reasonable fee for his services. §501.2105, Florida Statutes, provides for an award of attorney fees should Plaintiff prevail in this matter.

**WHEREFORE**, Plaintiff, on behalf of herself and others similarly situated demands a trial by jury on all issues so triable and judgment against Defendant, for class wide damages, injunctive and declaratory relief, reasonable attorney's fees, costs, interest, and such other relief as this Court deems appropriate and demands a jury trial in the above-entitled action.

## CLASS REPRESENTATIVE CLAIMS
### FEDERAL FAIR DEBT COLLECTION PRACTICES ACT

46. Plaintiff brings this action against Defendant seeking damages for their violation of the Federal Fair Debt Collection Practices Act.

47. The FDCPA was enacted to protect all consumers form debt collectors who seek to collect debts through illegal means and who engage in unfair and/or deceptive practices during the collection of a debt.

48. Plaintiff and others similarly situated are "consumers" within the meaning of the FDCPA 15 U.S.C. 1692a(3).

49. Defendant has engaged in the collection of "debts" as this phrase is defined by 15 U.S.C. 1692a(5) allegedly owed by Plaintiff and others similarly situated.

50. Defendant is a "debt collector" within the meaning of the FDCPA 15 U.S.C. 1692a(6).

51. Defendant knew or reasonably should have known that they should not use the form letter attached as Exhibit A as Defendant is a collection law firm that was aware that not all of a consumer's assets are subject to collection.

52. As a result of these FDCPA violations, Plaintiff and others similarly situated have been subjected to unwarranted and illegal collection activities, and therefore have been harmed.

53. Plaintiff on behalf of herself and others similarly situated has retained the undersigned attorney for the purposes of pursuing this matter against Defendant and is obligated to pay her attorney a reasonable fee for his services. 15 U.S.C. 1692k(3) entitles Plaintiff to reimbursement from Defendant for attorney's fees and costs incurred in the prosecution of this class action.

**WHEREFORE**, Plaintiff, on behalf of herself and others similarly situated demands a trial by jury on all issues so triable and judgment against Defendant, for class wide damages, injunctive and declaratory relief, reasonable attorney's fees, costs, interest, and such other relief as this Court deems appropriate and demands a jury trial in the above-entitled action.

## JURY TRIAL DEMAND

Plaintiff demands a jury trial on all issues so triable.

COLLINS & STORY, P.A.

_/s/ Max Story_
MAX STORY, ESQ.
Florida Bar No. 527238
JENNIFER MCCARTHY, ESQ.
Florida Bar No. 0086793
233 East Bay Street, Suite 920
Jacksonville, FL 32202
Telephone: (904) 355-0805
Facsimile: (904) 634-1507
Attorneys for Plaintiff